IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ROWAN,

                                                                          ORDER

                        Plaintiff,

                                                                           09-cv-588-slc[1]

      v.

NATALIE STOCKWELL,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ROWAN,

                                                                          ORDER

                       Plaintiff,

                                                                           09-cv-589-slc

      v.

MIKE KNOLL, NANCY HOVE,
NATALIE STOCKWELL and
BRAD LAWRENCE,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order, I am assuming jurisdiction over these cases.

1

Plaintiff Tally Rowan, a prisoner at the Taycheedah Correctional Center in Fond du Lac, Wisconsin, has filed proposed complaints for money damages and injunctive relief in the two above-captioned actions. She asked for leave to proceed in forma pauperis in each of the cases and was assessed initial partial payments in each case, which she has paid. However, after she submitted these proposed complaints for filing, she earned three strikes for bringing earlier actions that were frivolous, malicious or failed to state a claim upon which relief could be granted. Therefore I will deny her requests for leave to proceed in forma pauperis in each of these cases because she does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, I denied plaintiff leave to proceed in forma pauperis in lawsuits that were legally frivolous. See Rowan v. Pierce County Jail, 09-cv-612-slc, decided October 9, 2009; Rowan v. Pierce County Jail, 09-cv-615-slc, decided October 14, 2009; 10/14/09; Rowan v. Pierce County Jail; 09-cv-614-slc, decided December 18, 2009. (Each of the cases in which plaintiff received strikes cases were filed before the present cases; these

2

cases follow the present cases numerically only because they were severed from case no. 09-cv-224-slc and assigned case numbers at later dates.) Therefore, plaintiff cannot proceed in either of these cases unless I find that the complaint alleges that she is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers plaintiff's request for leave to proceed in forma pauperis. See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Claims of physical injury ordinarily arise in the context of lawsuits alleging Eighth Amendment violations.

In case no. 09-cv-588-slc, plaintiff alleges that defendant Natalie Stockwell opened plaintiff's mail and refused to make copies of a document. In case no. 09-cv-589-slc, she alleges that defendant Pierce County jail officials interfered with her ability to send mail to the court and make copies. Plaintiff's complaints in these two cases do not allege facts from which an inference may be drawn that she is under imminent danger of serious physical injury.

Because plaintiff is disqualified from proceeding in forma pauperis under § 1915(g) in each case, she may choose to pursue these cases as a paying litigant. If so, she must

3

submit a check or money order made payable to the clerk of court in the amount of $334.15 (the $350 filing fee minus her initial partial payment of $15.85) for each case she wishes to pursue and she must do so no later than February 17, 2010. If she does this, however, she should be aware that the court then will be required to screen her complaints under 28 U.S.C. § 1915A, and dismiss any case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

For any cases in which plaintiff does not pay the remainder of the filing fee by February 17, 2010, I will conclude that she does not want to pursue those actions. In that event, the clerk of court will close those files. However, even if those files are closed, plaintiff will still owe the remainder of the filing fee in each case and she must pay it as soon as she has the means to do so. Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997).

ORDER

IT IS ORDERED that plaintiff's requests for leave to proceed in forma pauperis in each of these cases is DENIED because plaintiff is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that plaintiff may have until February 17, 2010, in which to submit a check or money order made payable to the clerk of court in the amount of

$334.15 for each of the cases she wishes to pursue. If, by February 17, 2010, plaintiff fails to pay the fee in any of these cases, the clerk of court is directed to close those files. However, even in that event, the clerk of court is to insure that plaintiff's obligation to pay the remainder of the filing fee in each case is reflected in this court's financial records.

Entered this 29th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge